FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
* SEPTEMBER 9, 2026 *
BROOKLYN OFFICE

NJM:MND
F. #2025R00463

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ARTURO HERNANDEZ,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 26-CR-263
(T. 47, U.S.C., §§ 223(h)(3)(A), 223(h)(7)(A) and 223(h)(7)(B); T. 18, U.S.C., §§ 2 and 3551 et seq.; T. 21, U.S.C., § 853(p))

Judge Kiyo A. Matsumoto
Magistrate Judge Marcia M. Henry

THE GRAND JURY CHARGES:

COUNT ONE
(Publication of a Nonconsensual Digital Forgery – Jane Doe 1)

1. In or about and between May 2025 and May 2026, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ARTURO HERNANDEZ, together with others, in interstate or foreign commerce, did use one or more interactive computer services to knowingly and intentionally publish one or more digital forgeries of an identifiable individual, to wit: Jane Doe 1, an individual whose identity is known to the Grand Jury, where such digital forgeries depicted material that was not voluntarily exposed by Jane Doe 1 in a public or commercial setting, nor a matter of public concern; and the publication of such digital forgeries was (a) without the consent of Jane Doe 1 and (b) caused, and intended to cause, harm to Jane Doe 1, including psychological, financial, and reputational harm.

(Title 47, United States Code, Section 223(h)(3)(A); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT TWO
(Publication of a Nonconsensual Digital Forgery – Jane Doe 2)

2. In or about and between May 2025 and May 2026, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ARTURO HERNANDEZ, together with others, in interstate or foreign commerce, did use one or more interactive computer services to knowingly and intentionally publish one or more digital forgeries of an identifiable individual, to wit: Jane Doe 2, an individual whose identity is known to the Grand Jury, where such digital forgeries depicted material that was not voluntarily exposed by Jane Doe 2 in a public or commercial setting, nor a matter of public concern; and the publication of such digital forgeries was (a) without the consent of Jane Doe 2 and (b) caused, and intended to cause, harm to Jane Doe 2, including psychological, financial, and reputational harm.

(Title 47, United States Code, Section 223(h)(3)(A); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT THREE
(Publication of a Nonconsensual Digital Forgery – Jane Doe 3)

3. In or about and between May 2025 and May 2026, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ARTURO HERNANDEZ, together with others, in interstate or foreign commerce, did use one or more interactive computer services to knowingly and intentionally publish one or more digital forgeries of an identifiable individual, to wit: Jane Doe 3, an individual whose identity is known to the Grand Jury, where such digital forgeries depicted material that was not voluntarily exposed by Jane Doe 3 in a public or commercial setting, nor a matter of public concern; and the publication of such digital forgeries was (a) without the consent of Jane Doe 3 and (b) caused,

and intended to cause, harm to Jane Doe 3, including psychological, financial, and reputational harm.

(Title 47, United States Code, Section 223(h)(3)(A); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT FOUR
(Publication of a Nonconsensual Digital Forgery – Jane Doe 4)

4. In or about and between May 2025 and May 2026, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ARTURO HERNANDEZ, together with others, in interstate or foreign commerce, did use one or more interactive computer services to knowingly and intentionally publish one or more digital forgeries of an identifiable individual, to wit: Jane Doe 4, an individual whose identity is known to the Grand Jury, where such digital forgeries depicted material that was not voluntarily exposed by Jane Doe 4 in a public or commercial setting, nor a matter of public concern; and the publication of such digital forgeries was (a) without the consent of Jane Doe 4 and (b) caused, and intended to cause, harm to Jane Doe 4, including psychological, financial, and reputational harm.

(Title 47, United States Code, Section 223(h)(3)(A); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT FIVE
(Publication of a Nonconsensual Digital Forgery – Jane Doe 5)

5. In or about and between May 2025 and May 2026, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ARTURO HERNANDEZ, together with others, in interstate or foreign commerce, did use one or more interactive computer services to knowingly and intentionally publish one or more digital

forgeries of an identifiable individual, to wit: Jane Doe 5, an individual whose identity is known to the Grand Jury, where such digital forgeries depicted material that was not voluntarily exposed by Jane Doe 5 in a public or commercial setting, nor a matter of public concern; and the publication of such digital forgeries was (a) without the consent of Jane Doe 5 and (b) caused, and intended to cause, harm to Jane Doe 5, including psychological, financial, and reputational harm.

(Title 47, United States Code, Section 223(h)(3)(A); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT SIX
(Publication of a Nonconsensual Digital Forgery – Jane Doe 6)

6. In or about and between May 2025 and May 2026, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ARTURO HERNANDEZ, together with others, in interstate or foreign commerce, did use one or more interactive computer services to knowingly and intentionally publish one or more digital forgeries of an identifiable individual, to wit: Jane Doe 6, an individual whose identity is known to the Grand Jury, where such digital forgeries depicted material that was not voluntarily exposed by Jane Doe 6 in a public or commercial setting, nor a matter of public concern; and the publication of such digital forgeries was (a) without the consent of Jane Doe 6 and (b) caused, and intended to cause, harm to Jane Doe 6, including psychological, financial, and reputational harm.

(Title 47, United States Code, Section 223(h)(3)(A); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT SEVEN
(Publication of a Nonconsensual Digital Forgery – Jane Doe 7)

7. In or about and between May 2025 and May 2026, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ARTURO HERNANDEZ, together with others, in interstate or foreign commerce, did use one or more interactive computer services to knowingly and intentionally publish one or more digital forgeries of an identifiable individual, to wit: Jane Doe 7, an individual whose identity is known to the Grand Jury, where such digital forgeries depicted material that was not voluntarily exposed by Jane Doe 7 in a public or commercial setting, nor a matter of public concern; and the publication of such digital forgeries was (a) without the consent of Jane Doe 7 and (b) caused, and intended to cause, harm to Jane Doe 7, including psychological, financial, and reputational harm.

(Title 47, United States Code, Section 223(h)(3)(A); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT EIGHT
(Publication of a Nonconsensual Digital Forgery – Jane Doe 8)

8. In or about and between May 2025 and May 2026, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ARTURO HERNANDEZ, together with others, in interstate or foreign commerce, did use one or more interactive computer services to knowingly and intentionally publish one or more digital forgeries of an identifiable individual, to wit: Jane Doe 8, an individual whose identity is known to the Grand Jury, where such digital forgeries depicted material that was not voluntarily exposed by Jane Doe 8 in a public or commercial setting, nor a matter of public concern; and the publication of such digital forgeries was (a) without the consent of Jane Doe 8 and (b) caused,

and intended to cause, harm to Jane Doe 8, including psychological, financial, and reputational harm.

(Title 47, United States Code, Section 223(h)(3)(A); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT NINE
(Publication of a Nonconsensual Digital Forgery – Jane Doe 9)

9. In or about and between May 2025 and May 2026, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ARTURO HERNANDEZ, together with others, in interstate or foreign commerce, did use one or more interactive computer services to knowingly and intentionally publish one or more digital forgeries of an identifiable individual, to wit: Jane Doe 9, an individual whose identity is known to the Grand Jury, where such digital forgeries depicted material that was not voluntarily exposed by Jane Doe 9 in a public or commercial setting, nor a matter of public concern; and the publication of such digital forgeries was (a) without the consent of Jane Doe 9 and (b) caused, and intended to cause, harm to Jane Doe 9, including psychological, financial, and reputational harm.

(Title 47, United States Code, Section 223(h)(3)(A); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT TEN
(Publication of a Nonconsensual Digital Forgery – Jane Doe 10)

10. In or about and between May 2025 and May 2026, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ARTURO HERNANDEZ, together with others, in interstate or foreign commerce, did use one or more interactive computer services to knowingly and intentionally publish one or more digital

forgeries of an identifiable individual, to wit: Jane Doe 10, an individual whose identity is known to the Grand Jury, where such digital forgeries depicted material that was not voluntarily exposed by Jane Doe 10 in a public or commercial setting, nor a matter of public concern; and the publication of such digital forgeries was (a) without the consent of Jane Doe 10 and (b) caused, and intended to cause, harm to Jane Doe 10, including psychological, financial, and reputational harm.

(Title 47, United States Code, Section 223(h)(3)(A); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT ELEVEN
(Publication of a Nonconsensual Digital Forgery – Jane Doe 11)

11. In or about and between May 2025 and May 2026, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ARTURO HERNANDEZ, together with others, in interstate or foreign commerce, did use one or more interactive computer services to knowingly and intentionally publish one or more digital forgeries of an identifiable individual, to wit: Jane Doe 11, an individual whose identity is known to the Grand Jury, where such digital forgeries depicted material that was not voluntarily exposed by Jane Doe 11 in a public or commercial setting, nor a matter of public concern; and the publication of such digital forgeries was (a) without the consent of Jane Doe 10 and (b) caused, and intended to cause, harm to Jane Doe 11, including psychological, financial, and reputational harm.

(Title 47, United States Code, Section 223(h)(3)(A); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT TWELVE
(Publication of a Nonconsensual Digital Forgery – Jane Doe 12)

12. In or about and between May 2025 and May 2026, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ARTURO HERNANDEZ, together with others, in interstate or foreign commerce, did use one or more interactive computer services to knowingly and intentionally publish one or more digital forgeries of an identifiable individual, to wit: Jane Doe 12, an individual whose identity is known to the Grand Jury, where such digital forgeries depicted material that was not voluntarily exposed by Jane Doe 12 in a public or commercial setting, nor a matter of public concern; and the publication of such digital forgeries was (a) without the consent of Jane Doe 12 and (b) caused, and intended to cause, harm to Jane Doe 12, including psychological, financial, and reputational harm.

(Title 47, United States Code, Section 223(h)(3)(A); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT THIRTEEN
(Publication of a Nonconsensual Digital Forgery – Jane Doe 13)

13. In or about and between May 2025 and May 2026, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ARTURO HERNANDEZ, together with others, in interstate or foreign commerce, did use one or more interactive computer services to knowingly and intentionally publish one or more digital forgeries of an identifiable individual, to wit: Jane Doe 13, an individual whose identity is known to the Grand Jury, where such digital forgeries depicted material that was not voluntarily exposed by Jane Doe 13 in a public or commercial setting, nor a matter of public concern; and the publication of such digital forgeries was (a) without the consent of Jane Doe 13 and

(b) caused, and intended to cause, harm to Jane Doe 13, including psychological, financial, and reputational harm.

(Title 47, United States Code, Section 223(h)(3)(A); Title 18, United States Code, Sections 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

14. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 47, United States Code, Section 223(h)(7)(A), which requires the forfeiture of: (a) any material distributed in violation of Title 47, United States Code, Section 223(h)(3)(A); (b) property, real or personal, constituting or derived from any gross proceeds of such violations, or any property traceable to such property, obtained or retained directly or indirectly as a result of such violations; and (c) any personal property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations, including but not limited to the following assets, all seized by law enforcement on or about May 20, 2026, in Bedias, Texas:

(i) one HP Laptop, Model 15-dy2172wm, with serial number 5CD1282RSS;

(ii) one blue iPhone; and

(iii) one Android Phone, model Silver Celero 5G.

15. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 47, United States Code, Section 223(h)(7)(B), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Section 853(p); Title 47, United States Code, Sections 223(h)(7)(A) and 223(h)(7)(B))

A TRUE BILL

s/

FOREPERSON

By: Whitman G.S. Knapp, AUSA

JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK